*867 The opinion of the Court was delivered by
Fenner, J.
The defendant is appellant from the judgment of the Court a qua, rendered on the verdict of a jury of freeholders, expropriating a right of way across her lands for the construction of defendant’s railroad.
Various defenses are urged.
1. It is urged that the property was sought tobe expropriated for the purpose of building a branch road from Baton Rouge to the main trunk-line of the plaintiff’s railway from New Orleans to Shreveport; that said main line had not been completed to Shreveport, and plaintiff’s charter prohibited the construction of any branches, until after the main line liad been completed to Shreveport.
The plaintiff corporation was originally organized under the general laws of the State, with power and authority to construct a railroad, “ beginning at a point on the Mississippi river atNew Orleans, or between New Orleans and Baton Rouge, * * running thence toward and to the city of Shreveport, or the city of Marshall or Dallas, in the State of Texas, in such direction and route or routes as said Company shall fix, and with such connecting branches in the State of Louisiana as may be deemed proper.” It was further authorized to construct branch roads beyond the State of Louisiana, “ to connect their main line with any other line or lines in other States, which shall authorize the exercise of said privilege within their limits.”
In 1876, the Legislature passed Act No. 14 of that year, in which it recited at length the Notarial Charter, and then provided that its “term of existence be so extended as that the said Company, by its name, and under the aforesaid articles of incorporation, shall have perpetual succession.” It further enacted “ that Shreveport, in Louisiana, shall be the northwestern terminus of said New Orleans and Pacific Railway, and that the main line shall be completed to Shreveport before any branches are constructed.”
The obvious purpose of this provision was to secure Shreveport as the northwestern terminus of the road, and to eliminate the option reserved in the original charter of making Marshall or Dallas the terminus, and to prevent the Company from evading this requirement by building connections to Marshall or Dallas, or other possible termini, under the name or pretense of branches, before completing the line to Shreveport. The Company had the right to begin its line at Baton Rouge, or to run it from New Orleans via Baton Rouge ; and when its line to Shreveport passed within a few. miles of Baton Rouge, there was no conceivable violation of the purpose and meaning of the law, in building a connection with that point. This in no manner interfered with Shreveport as the objective terminus. There is no pretense that *868 this connection operated or was intended to operate any evasion of the requirement to make Shreveport the north western terminus.
Moreover, tho prohibition of the law is levelled merely against the construction of any branch before completion of the main line. It is doubtful, if this wonld prevent the necessary antecedent preparations for construction, while the main line was being, in good faith, pushed to completion, such as expropriations, surveys, etc. Of course, the expropriation could be availed of only for purposes of construction, and would amount to nothing until the construction could be lawfully begun. No question of untimely construction is presented in this case.
2. The objections to the title of the Act 14 of 1876, to the summary character of the proceedings and to the constitutionality of our expropriation laws, seem to us without weight.
3. We can discover no authority under our expropriation laws for submitting to the jury the question of the propriety of the route selected. The function of the jury is expressly confined to determining “ what the value of tho land described in the petition, with its improvements, and what damages, if any, the owner would sustain in addition to the loss of the land by its expropriation ? ” C. C. 2632. This Court has extended that function so as to embrace the quantity of land required and nature of the estate. N. O. P. Railway Co. vs. Gay, 31 An. 430. Same, 32 An. 471.
We are now asked further to extend it, so as to enable the jury to determine the route of the road. This would be going too far. If juries might exercise this function, our railroads might be made as crooked as cow paths.
4. We have examined the charge of the Judge, and find it unobjectionhle.
5. We find no such error in the verdict of the jury on the facts, as to jnstify us in disturbing it.
Judgment affirmed at appellant’s cost.
Levy, J., absent.